# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:11-cv-00774-SKO<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S COUNSEL'S MOTION TO SUBSTITUTE PARTY**<br><br>(Doc. 14) |

## I. INTRODUCTION

On January 20, 2012, Plaintiff's counsel, Denise Haley ("Ms. Haley"), filed a motion to substitute Plaintiff Raul R. Garcia's ("Plaintiff") surviving wife, Connie A. Garcia ("Ms. Garcia"), as the party of record due to Plaintiff's death. (Doc. 14.) On January 30, 2012, Defendant Commissioner of Social Security ("Commissioner" or "Defendant") filed a response indicating that, while Defendant does not oppose the motion, there are relevant legal standards for the substitution of a party that must be considered. (Doc. 17.)

For the reasons set forth below, the Court ORDERS Plaintiff's counsel to provide supplemental briefing and file a declaration from someone with personal knowledge that Ms. Garcia was Plaintiff's spouse and resided in the same household with Plaintiff at the time of his death.

## II. DISCUSSION

Plaintiff sought judicial review of a final decision of the Commissioner denying him disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). (Docs. 1, 12.) While the appeal is pending, Plaintiff died. (Doc. 14-1.)

Federal Rule of Civil Procedure 25(a) states in pertinent part that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). Plaintiff's counsel filed a motion to substitute Ms. Garcia, Plaintiff's wife, as the party of record. (Doc. 14.) Here, Plaintiff's claim is not extinguished because, if a claimant dies and it is determined that the payment of benefits was warranted, the Act authorizes payment to certain individuals in an established order of priority. *See* 42 U.S.C. §§ 404(d), 1383(b)(1)(A); 20 C.F.R. §§ 404.503(b), 416.542(b). The deceased beneficiary's surviving spouse is the first person on the priority list, providing the spouse establishes that he or she was living in the same household with the claimant at the time of death. 42 U.S.C. §§ 404(d)(1), 1383(b)(1)(A)(i); 20 C.F.R. §§ 404.503(b)(1), 416.542(b)(1).

In order for Ms. Garcia to establish that she has a claim to any disability payment potentially owed to Plaintiff, and thus should be properly substituted as the party of record in this action, Ms. Garcia must demonstrate that she and Plaintiff "customarily lived together as husband and wife in the same residence." 20 C.F.R. § 404.347. In other words, Ms. Garcia must show that she was Plaintiff's wife and that they were living in the same household at the time of Plaintiff's death.

Plaintiff's counsel, Ms. Haley, submitted the instant motion to substitute party. (Doc. 14.) The motion contains a copy of Plaintiff's death certificate and a declaration by counsel that she was "informed" that Ms. Garcia was married to Plaintiff and was "cohabitating" with him at the time of his death. (Doc. 14, p. 5, ¶ 4.) Ms. Haley, however, as Plaintiff's counsel, lacks personal knowledge as to Plaintiff and Ms. Garcia's marital state or living arrangements.

Pursuant to Federal Rule of Evidence 602, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge may be inferred when the declarant *necessarily* has first-hand knowledge of the facts. *See In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000). Here,

Plaintiff's counsel does not necessarily have first hand knowledge as to Plaintiff's and Ms. Garcia marriage and living situation; as such, Ms. Haley cannot provide the necessary authentication that would allow Ms. Garcia to be substituted as the party of record.  A declaration from someone with personal knowledge is required to allow the Court to consider the instant motion.

As such, the Court ORDERS Plaintiff's counsel to file a supplemental brief within ten (10) days of the issuance of this order properly establishing that Ms. Garcia and Plaintiff were "liv[ing] together as husband and wife in the same residence" at the time of Plaintiff's death.  20 C.F.R. § 404.347.  Further, the Court VACATES the current briefing schedule and will reissue a new schedule upon ruling on the instant motion.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten (10) days of the issuance of this order, Plaintiff's counsel shall FILE a supplemental brief and declaration from someone with personal knowledge that properly establishes the marital and living status between Plaintiff and Ms. Garcia at the time of Plaintiff's death; and

2. The current briefing schedule is VACATED.

IT IS SO ORDERED.

**Dated:   February 22, 2012**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE