# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. GARCIA,<br><br>     Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>     Defendant.<br>_____ | Case No.: 1:11-cv-00774-SKO<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY**<br><br>(Doc. 14)<br><br>**ORDER ESTABLISHING BRIEFING SCHEDULE** |

## I. INTRODUCTION AND BACKGROUND

On May 12, 2011, Plaintiff Raul R. Garcia's ("Plaintiff") filed a complaint seeking judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). (Doc. 1.) Plaintiff died during the pendency of the appeal. (Doc. 14-1.)

On January 20, 2012, Plaintiff's counsel, Denise Haley ("Ms. Haley"), filed a motion to substitute Plaintiff's surviving wife, Connie A. Garcia ("Ms. Garcia"), as the party of record due to Plaintiff death. (Doc. 14.) On January 30, 2012, Defendant filed a response indicating that, while Defendant does not oppose the motion, there are relevant legal standards for the substitution of a

party that must be considered. (Doc. 17.) On February 22, 2012, the Court ordered Plaintiff's counsel to provide supplemental briefing and file a declaration from someone with personal knowledge that Ms. Garcia was Plaintiff's spouse and resided in the same household with Plaintiff at the time of his death. (Doc. 18.) On March 5, 2012, Plaintiff's counsel filed the Declaration of Connie A. Garcia. (Doc. 21.)

For the reasons set forth below, the motion to substitute party is GRANTED and Ms. Garcia is substituted as the plaintiff of record in this action.

## II. DISCUSSION

Federal Rules of Civil Procedure 25(a) states in pertinent part that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). Plaintiff's counsel filed a motion to substitute Ms. Garcia, Plaintiff's wife, as the party of record. (Doc. 14.) Here, Plaintiff's claim is not extinguished because, if a claimant dies and it is determined that the payment of benefits was warranted, the Act authorizes payment to certain individuals in an established order of priority. *See* 42 U.S.C. §§ 404(d), 1383(b)(1)(A); 20 C.F.R. §§ 404.503(b), 416.542(b). The deceased beneficiary's surviving spouse is the first person on the priority list, providing the spouse establishes that he or she was living in the same household with the claimant at the time of death. 42 U.S.C. §§ 404(d)(1), 1383(b)(1)(A)(i); 20 C.F.R. §§ 404.503(b)(1), 416.542(b)(1).

For Ms. Garcia to establish that she has a claim to any disability payment potentially owed to Plaintiff, and thus should be properly substituted as the party of record in this action, Ms. Garcia must demonstrate that she and Plaintiff "customarily lived together as husband and wife in the same residence." 20 C.F.R. § 404.347. In other words, Ms. Garcia must show that she was Plaintiff's wife and that they were living in the same household at the time of Plaintiff's death.

Plaintiff's counsel, Ms. Haley, submitted the instant motion to substitute party. (Doc. 14.) The motion contains a copy of Plaintiff's death certificate and a declaration by counsel that she was "informed" that Ms. Garcia was married to Plaintiff and was "cohabitating" with him at the time of his death. (Doc. 14, p. 5, ¶ 4.) Pursuant to Federal Rule of Evidence 602, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal

1  knowledge of the matter." Fed. R. Evid. 602.  Personal knowledge may be inferred when the
2  declarant *necessarily* has first-hand knowledge of the facts. *See In re Kaypro*, 218 F.3d 1070, 1075
3  (9th Cir. 2000).  Here, Ms. Haley, as Plaintiff's counsel, did not necessarily have first-hand
4  knowledge of Plaintiff's and Ms. Garcia marriage and living situation and thus could not testify as
5  to their marital state or living arrangements.  As such, the Court required supplemental briefing.
6  (Doc. 18.)

7  On March 5, 2012, Plaintiff's counsel filed the Declaration of Connie A. Garcia.  (Doc. 21.)
8  Ms. Garcia declares that she and Plaintiff were legally married on April 4, 1997, that she remained
9  Plaintiff's wife until his death on August 14, 2011, and that she and Plaintiff lived together in the
10 same residence during the entirety of their marriage, specifically including the six months before he
11 died and at the time of his death. (Doc. 21, 1:24-2:3.)  Ms. Garcia has personal knowledge as to her
12 marriage with Plaintiff and their living situation.  As such, Ms. Garcia has properly established that
13 she and Plaintiff were "liv[ing] together as husband and wife in the same residence" at the time of
14 Plaintiff's death as required pursuant to 20 C.F.R. § 404.347.

15 Defendant did not oppose the motion to substitute, but instead submitted a "discussion
16 concerning the relevant legal standards." (Doc. 17. 2:3-4.)  Defendant asserted that, to find that Ms.
17 Garcia had a "concrete stake in this claim," "the Court must determine whether [Plaintiff's] counsel
18 has provided sufficient evidence to establish that Connie Garcia was Raul Garcia's spouse, and was
19 living in the same household as Raul Garcia at the time of his death." (Doc. 17, 3:12-16.)  The
20 Declaration of Connie A. Garcia (Doc. 21) sufficiently establishes this contention.

21 Accordingly, the motion to substitute party is GRANTED and Ms. Garcia is substituted as
22 the plaintiff of record.  Further, as the briefing scheduling had been vacated pending resolution of
23 this motion, the Court ORDERS that Defendant's opposition brief is due on or before April 11, 2012,
24 and Ms. Garcia, as plaintiff, may file a reply brief on or before April 26, 2012.
25 ///
26 ///
27 ///
28 ///

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to substitute party is GRANTED;
2. The Clerk of the Court is DIRECTED to substitute Connie A. Garcia as the plaintiff of record in this action;
3. Defendant's opposition brief is due on or before April 11, 2012; and
4. Plaintiff may file a reply brief on or before April 26, 2012.

IT IS SO ORDERED.

**Dated:**   March 11, 2012                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE