**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. GARCIA, | 1:11-cv-00774-SKO |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | (Doc. 1) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I. BACKGROUND

Plaintiff Raul R. Garcia ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff died during the pendency of this appeal. (Doc. 14-1.) On March 12, 2012, the Court ordered that Plaintiff's surviving wife, Connie A. Garcia ("Ms. Garcia"), be substituted as the party of record. (Doc. 23.)

The matter is currently before the Court on the parties' briefs,[1] which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] Plaintiff's reply brief was stricken by the Court due to late filing. (Doc. 27.)

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 9.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* U.S. District Court, Eastern District of California Local Rules 301, 305.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1954, completed the 11th grade, and worked as a service technician and a shipping and receiving clerk. (Administrative Record ("AR") 25, 27-28, 199, 207, 250, 300.) On March 5, 2008, Plaintiff filed applications for DIB and SSI, alleging disability beginning on March 1, 2007, due to cirrhosis, hepatitis C, carpel tunnel, multiple sclerosis, and diabetes. (AR 199-206, 207-13, 249.)

### A. Administrative Proceedings[3]

#### 1. First Administrative Hearing and Decision

Plaintiff's applications for DIB and SSI benefits were denied on May 13, 2008, and again on reconsideration on June 6, 2008. (AR 106-10, 116-20.) On July 15, 2008, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and on October 21, 2009, a hearing was held before ALJ Christopher Larsen. (AR 38-63, 122-23.) The ALJ rendered a decision on December 11, 2009, finding Plaintiff not disabled. (AR 88-97.)

##### a. October 21, 2009, Hearing

At the first administrative hearing held on October 21, 2009, vocational expert ("VE") Cheryl Chandler testified that Plaintiff's previous work as a service technician was a combination of machine maintenance and repair and was skilled, medium work with a specific vocational preparation ("SVP") level of 5. (AR 57-58.) The VE further testified that Plaintiff's former position as a shipping and receiving clerk was also medium, skilled, and with an SVP level of 5. (AR 58.)

The ALJ questioned the VE whether a hypothetical person could perform Plaintiff's past work if that person was of Plaintiff's age, educational background and work history, was capable of light physical exertion, and could only occasionally climb ladders, ropes and scaffolds but who could frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. (AR 58-59.) The VE testified that such a hypothetical person could not perform Plaintiff's past work, but that there would

---

[3] Plaintiff's brief raises arguments concerning the administrative law judge's finding as to Plaintiff's transferrable job skills and expressly notes that "[t]he medical findings of the ALJ are not contested for the purposes of this motion." (Doc. 12, 3:12-13, 4:19-8:19.) As such, the Court will only consider evidence related to Plaintiff's contentions concerning transferable skills, as Plaintiff has waived any other arguments. See *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining that arguments not raised before the district court are generally waived).

2

be some transferability of skills to enable that person to perform categories of work such as assemblers and mechanics, and identified specific jobs that such a person could perform including an industrial machine mechanic assembler and a hydraulic press server. (AR 59-60.) The VE identified the skills transferrable from Plaintiff's prior work to other occupations as "[t]he tools, the knowledge of the mechanical workings, power tools, being able to read diagrams, just basic mechanical comprehension some people have and some people don't." (AR 60-61.)

The ALJ posed a second hypothetical person to the VE with the same characteristics as the first, but with the added limitation that the person will require "one hour of unscheduled break time in addition to the customary two breaks and meal period associated with the eight-hour day." (AR 61.) The VE stated that the person could not perform jobs "consistently on a competitive basis." (AR 61.)

### b. December 11, 2009, ALJ Decision

On December 11, 2009, the ALJ issued a decision finding Plaintiff not disabled since March 1, 2007, the alleged disability onset date. (AR 88-97.) Specifically, the ALJ found that (1) Plaintiff met the insured status requirements of the Act through December 31, 2012; (2) Plaintiff had not engaged in substantial gainful activity since March 1, 2007, the alleged disability onset date; (3) Plaintiff had severe impairments of hepatits C, diabetes, intermittent hand cramps, and obesity based on the requirements in the Code of Federal Regulations; (4) Plaintiff did not have an impairment or combination of impairments that met or equaled one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Plaintiff had the residual functional capacity ("RFC")[4] to lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk and sit six hours in an eight-hour day, occasionally climb ladders, ropes, and scaffolds, and frequently balance, stoop, kneel crouch crawl, and climb ramps/stairs; (6) Plaintiff was unable to perform past relevant

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

work; (7) Plaintiff was defined as "closely approaching advanced age" on the alleged disability onset date and later became of "advanced age"; (8) Plaintiff had a limited education and was able to communicate in English; (9) Plaintiff has acquired work skills from his past relevant work of knowledge of mechanics, use of power tools, ability to read drawings, and basic mechanical comprehension; (10) there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and Plaintiff's acquired work skills from his past relevant work were transferable to other jobs; and (11) Plaintiff had not been under a disability as defined in the Social Security Act since March 1, 2007, through the date of the decision. (AR 93-96.)

### 2. March 4, 2010, Appeals Council Decision

Plaintiff sought review of the ALJ's decision before the Appeals Council. On March 4, 2010, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further review. (AR 103-05.) The Appeals Council found that, although the ALJ had identified that Plaintiff had transferrable skills based on the VE's testimony, "it [was] unclear whether there are jobs that exist in significant numbers that the claimant could perform." (AR 104.) The Appeals Council determined that:

> The vocational expert testified the claimant's past relevant work had a Specific Vocational Preparation rating of 5. The decision contains two job categories, assemblers and mechanics[,] and two specific occupations were mentioned: Assembler and Tester, Electronics (DOT 710.281-010) and Hydraulic Press Servicer (DOT 626.381-018). Both of the occupations have a SVP of 6. When determining if skills can be transferred to another occupation, those skills can only be transferred to occupations with the same or lesser degree of skill as they past relevant work. Therefore, the acquired skills from the claimant's pas relevant work cannot be transferred to the occupations identified by the vocational expert at the hearing.

(AR 104.) The Appeals Council held that "[s]upplemental vocational expert testimony is required to identify if there are other occupations with the same or lesser degree of skill requirements that the claimant can perform." (AR 104.) The Appeals Council remanded the case and ordered the ALJ to:

> Obtain supplemental evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable to other occupations under the guidelines in Social Security Ruling 82-41. The hypothetical questions should reflect the specific capacity/limitations established in the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of such appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert

evidence[,] the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(AR 105.)

### 3. Second Administrative Hearing and Decision

Upon remand from the Appeals Council, the ALJ held another hearing on January 5, 2011, and rendered a second decision January 27, 2011, also finding against Plaintiff. (AR 6-15, 22-36.)

#### a. January 5, 2011, Hearing

At the hearing held on January 5, 2011, VE Thomas Dachelet testified. (AR 25-29.) The ALJ explained that the Appeals Council had remanded the ALJ's prior decision because the VE in the first hearing had identified Plaintiff's past work as medium and skilled with an SVP of 5, identified the transferable skills, and then gave examples of two occupations that Plaintiff could perform that had a SVP of 6. (AR 25-26.) The ALJ noted that the VE's testimony in the prior hearing "was the problem for the Appeals Council" and that "the examples the vocational expert gave were wrong." (AR 26.) VE Dachelet agreed that "[t]he statement [of] 6 versus 5 is true," and elected to approach the determination of jobs anew. (AR 26.) The VE further agreed that "while the specific examples the last expert gave [the ALJ] were inconsistent to support an opinion that [Plaintiff] can use his transferable skills, . . . there are other examples [the prior VE] could have given which would have supported that conclusion." (AR 28.)

The VE consulted the Specific Occupation Selector Manual and testified that Plaintiff's prior position of a shipping and receiving clerk was medium with an SVP of 5 and under the "census code 561, which is where the shipping and receiving clerk falls." (AR 26-27.) Using that census code, the VE stated that Plaintiff could perform work as a truck load checker and a distributing clerk; both occupations had a SVP of 3. (AR 27.) The VE said that census code 561 was the "general heading of shipping, receiving and traffic clerks." (AR 27.)

#### b. January 27, 2011, ALJ Decision

On January 27, 2011, the ALJ issued a decision finding Plaintiff not disabled since March 1, 2007, the alleged disability onset date. (AR 6-15.) The ALJ made the same findings as those from

the December 11, 2009, decision (*see* AR 93-96), and determined that Plaintiff had "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," noting that the VE testified that Plaintiff had skills that could be transferred to "representative occupations such as Truck Load Checker . . . and Distributing Clerk." (AR 14.)

Plaintiff sought review of the ALJ's decision with the Appeals Council, which was denied on March 11, 2011. (AR 1-3.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

**B.   Plaintiff's Current Appeal**

On May 12, 2011, Plaintiff filed the current complaint before this Court seeking review of the ALJ's decision. (Doc. 1.) Plaintiff contends that the ALJ erred by failing to establish that Plaintiff's transferable skills were consistent with the jobs identified, and thus a finding of disability is warranted. (Doc. 12.)

### III.  SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and

may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## IV. **APPLICABLE LAW**

An individual is considered disabled for purposes of disability benefits if he or she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting him from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient RFC despite the impairment or various limitations to perform his past work. *Id.* §§ 404.1520(f), 416.920(f). If not, in the Fifth Step, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## V. **DISCUSSION**

Plaintiff contends that the ALJ erred in relying upon the VE's testimony regarding the transferability of Plaintiff's work skills to other occupations. Specifically, Plaintiff asserts that "[w]here the ALJ errs is that while the truck loader checker requires similar skills, it is in a different field[,] and the distributing clerk is in the same field but uses different skills." (Doc. 12, 5:1-3.) Plaintiff contends that "where the skills are similar but in a different industry[,] the skills are not considered transferable . . . . Plainly put, the occupations identified by the ALJ are not sufficiently similar to allow for the transferability of skills." (Doc. 12, 7:25-8:3.)

Defendant contends that the ALJ properly relied on the VE's testimony regarding Plaintiff's transferable skills and identification of jobs that Plaintiff could perform that were at or lower than the skill level of Plaintiff's prior work, and thus sufficiently establishes that the identified skills were transferable. (Doc. 24, 4:6-5:11.)

### A.   Legal Standard

If an ALJ determines that a plaintiff has acquired transferable work skills from past employers, the ALJ must expressly set out those acquired skills. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1223-26. "When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision . . . It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court." *Id.* at 1223 (quoting Social Security Ruling ("SSR") 82-41.[5]) Even where the ALJ relies on VE testimony in determining that a claimant has transferable skills from past work, the ALJ is still required to expressly identify in the decision what work skills are transferable and to what specific occupations those acquired skills apply. *See id.* at 1225.

---

[5] SSRs are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding precedent upon ALJs. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984); *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 n.2 (9th Cir. 1999).

For individuals capable of light work, "[t]he presence of acquired skills that are readily transferable to a significant range of semiskilled or skilled work within an individual's residual functional capacity would ordinarily warrant a finding of not disabled regardless of the adversity of age . . ." 20 C.F.R. § 404, Subpart P, App. 2, § 202.00(e).

> However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

*Id*. at § 202.00(e).

To find individuals of advanced age (age 55 or over) not disabled, "they must have acquired skills from their past work that are transferable to skilled or semiskilled work." *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.1990); see also 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). To determine whether an individual of advanced age but less than 60 years old and capable of light work has acquired skills transferable to light work, the ALJ considers the degree of skill required, the similarity of tools and machines used, and the similarity of raw materials, products, processes and services involved. 20 C.F.R. §§ 404.1568(d)(2), 416.968(d)(4), (4); *see also Wratten v. Astrue*, No. CV 11-00088-VBK, 2011 WL 4104724, at *2 (C.D. Cal. Sept. 14, 2011).

**B.   The ALJ's Consideration of Plaintiff's Transferable Skills**

Plaintiff asserts that the ALJ's finding that Plaintiff has transferable skills was critical to his decision, because absent a finding of transferable skills, the Grid rules require a finding of disability on Plaintiff's birthday when he turned 55 on July 10, 2009. (Doc. 12, 4:24-5:1; *see also* 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rules 202.03, 202.12.) As such, Plaintiff contends that ALJ erred in accepting the VE's testimony during the second administrative hearing as to which jobs Plaintiff's skills could be transferred, because those jobs were too dissimilar to, and were in a different work field from, Plaintiff's prior employment. (Doc. 12. 5:1-4, 7:22-25.)

During the first administrative hearing, held on October 21, 2009, the VE testified that Plaintiff previously worked as a service technician, which was a combination of machine maintenance and repair and had an SVP level of 5, and as a shipping and receive clerk, which had an SVP level of 5. (AR 57-58.) Based on these positions, the VE stated that Plaintiff had the following transferable skills: "[t]he tools, the knowledge of the mechanical workings, power tools, being able to read diagrams, . . . basic mechanical comprehension . . . ." (AR 60.) The VE identified specific jobs that Plaintiff could perform based on those skills: an industrial machine mechanic assembler and a hydraulic press server, and the ALJ relied on the VE's testimony in arriving at his decision that Plaintiff was not disabled, finding that Plaintiff could perform jobs that existed in the national economy. (AR 59-60, 96.)

On March 4, 2010, the Appeals Council rejected the VE's testimony that Plaintiff's skills were transferable to the jobs identified, because the Plaintiff's prior jobs had SVP levels of 5 and the jobs identified by the VE had SVP levels of 6. The Appeals Council found that "[w]hen determining if skills can be transferred to another occupation, those skills can only be transferred to occupations with the same or lesser degree of skill as the past relevant work. Therefore, the acquired skills from the claimant's past work cannot be transferred to the occupations identified by the vocational expert at the hearing." (AR 104.) The Appeals Council remanded the case to the ALJ and held that "[s]upplemental vocational expert testimony is required to identify if there are other occupations with the same or lesser degree of skill requirements that the claimant can perform." (AR 104.)

At the second administrative hearing held on January 5, 2011, a different VE consulted the *Specific Occupation Selector Manual*, a companion publication to the *Dictionary of Occupational Titles* ("DOT"), and testified that Plaintiff's prior position of a shipping and receiving clerk was medium with an SVP of 5 and under the "census code 561, which is where the shipping and receiving clerk falls." (AR 26-27.) Using that census code, the VE identified two specific positions to which Plaintiff's prior work skills could be transferred: truck load checker and a distributing clerk, both with SVP levels of 3. (AR 27.) The VE noted that census code 561 was the "general heading of shipping, receiving and traffic clerks." (AR 27.) The ALJ then relied upon the VE's testimony

in determining that Plaintiff was not disabled and that there were jobs in the national economy that Plaintiff could perform. (AR 14.)

Plaintiff, however, asserts that the ALJ's finding that Plaintiff's prior skills were transferable to the jobs identified by the VE is incorrect because the truck load checker requires similar skills but is in a different field from Plaintiff's prior work, and the distributing clerk is in the same field but requires different skills. (Doc. 12, 5:1-4.) Plaintiff contends that, although the jobs identified had the same census code as Plaintiff's prior work, the census code does not satisfy the transferable skills analysis. (Doc. 12, 6:15-17.) Plaintiff states that "[t]he only responsible methodology to address transferability based on the DOT and its companion publications is through the use of Work Fields (WF) and Material, Products, Subject Matter, and Services (MPSMS)." (Doc. 12, 6:5-7.)

Plaintiff provides no legal authority to support his contention that the VE must rely on the MPSMS and that the census code identified by the DOT is not sufficient. The only legal authority that this Court could find that referred to the MPSMS was an unpublished Ninth Circuit memorandum decision that rejected the plaintiff's argument as "non-persuasive" that "her skills are not transferable because the alternate work positions suggested by the ALJ are not found under the same work file number or Material, Products, Subject Matter, and Services number as her prior position of Shipping and Receiving Clerk in the Dictionary of Occupational Titles." *See Thompson v. Barnhart*, 148 F. App'x 634, 635 (9th Cir. 2005). No other Ninth Circuit or district court case relies upon, or even cites, Plaintiff's purported "only responsible methodology" theory.[6] (Doc. 12, 6:5.)

Further, the ALJ "may use the services of a vocational expert or other specialist" "[i]f the issue in determining whether [a claimant is] disabled is whether [his] work skills can be used in other work and the specific occupations in which they can be used." 20 C.F.R. §§ 404.1566(e),

---

[6] While the article relied upon by Plaintiff, J.A. Truthan, & S.E. Karman, *Transferable Skills Analysis and Vocational Information During a Time of Transition*, Journal of Forensic Vocational Analysis, June, 2003, 6 (1) 17-25, *available at* http://www.skilltran.com/TSATransition.htm, indicates that a researcher of Transferable Skills Analysis had "asserted the use of Work Field and MPSMS as the only true method for transferable skills analysis," this assertion does not support Plaintiff's contention that the MPSMS is the only method to address transferable skills. Further, Plaintiff does not provide legal authority to establish that the VE's methodology in this action was improper due to his reference to the DOT, which the article cited to by Plaintiff states that the SSA "will continue to use" when determining transferable skills. *Id*.

416.966(e). "[A]n ALJ will rely on a VE's testimony to determine whether or not a claimant has transferable skills." *Salazar v. Astrue*, No. 3:10-CV-00895-HU, 2012 WL 882800, at *18 (D. Or. Mar. 13, 2012) (citing *Bray*, 554 F.3d at 1225). As such, the ALJ did not err in relying on the VE's testimony, and Plaintiff has not shown through any legal authority that the VE erred by not referring to the MPSMS.

For individuals who are of advanced age (55 or over) and are limited to light work, transferable skills are determined as follows:

> If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than light work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you have skills that are transferable to skilled or semiskilled light work.

*Id*. at § 404.1568(d)(4); *see also* § 416.968(d)(4). Paragraphs (d)(1) through (d)(3) define transferable skills as:

> Skills that can be used in other work (transferability)--
>
> (1) What we mean by transferable skills. We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.
>
> (2) How we determine skills that can be transferred to other jobs. Transferability is most probable and meaningful among jobs in which–
>
>    (i) The same or a lesser degree of skill is required;
>
>    (ii) The same or similar tools and machines are used; and
>
>    (iii) The same or similar raw materials, products, processes, or services are involved.
>
> (3) Degrees of transferability. There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability. However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings, we consider that they are not transferable.

*Id*. at § 404.1568(d)(1)-(3); *see also* § 416.968(d)(1)-(3).

Here, Plaintiff turned 55 on July 10, 2009, and the RFC provided by the ALJ indicates that Plaintiff could perform light work.[7] As Plaintiff had not yet attained the age of 60 and was limited to light work, the transferability standards set forth in 20 C.F.R. § 404.1568(d)(1)-(3) apply. *See also id.* at §§ 404.1568(d)(4); 416.968(d)(1)-(4).

The ALJ identified Plaintiff's transferable work skills as "use of power tools, knowledge of mechanics, the ability to read diagrams, and basic mechanical comprehension." (AR 14; *see also* AR 95-96.) The VE at the first administrative hearing identified Plaintiff's prior jobs as a shipping and receiving clerk and service technician, both with an SVP of 5. (AR 57-58.) The VE then mistakenly testified that these skills could be transferred to the positions of assembler and hydraulic press service, both with SVP levels of 6. (AR 58-60.) Upon review, the Appeals Council remanded the case and expressly instructed the ALJ to "identify if there are other occupations with the same or lesser degree of skill requirements that [Plaintiff] can perform." (AR 104.) At the second administrative hearing on January 5, 2011, the VE identified two specific occupations that Plaintiff could perform: truck load checker and distributing clerk. (AR 26-27.) These positions were light (and thus within Plaintiff's RFC), had SVP levels of 3 (and thus had a skill level lower that Plaintiff's prior work), and were shipping, receiving, and stock positions (similar to Plaintiff's prior work). (AR 26-27.)

Plaintiff's contention that the VE must identify jobs with identical work fields is not persuasive. *Alternate* work does not mean *identical* work. *See* 20 C.F.R. §§ 404.1568(d)(3), 416.968(d)(3). One of Plaintiff's former positions, the shipping and receiving clerk, and the two occupations identified by the VE at the second administrative hearing, the truckload checker and the

---

[7] *See* AR 12 (the ALJ finding that Plaintiff has the RFC to "lift and carry up to 20 pounds occasionally and 10 pounds frequently; and sit, and stand or walk, 6 hours in an 8-hour day. [Plaintiff] can occasionally climb ladders, ropes and scaffolds. He can frequently balance, stoop, kneel, crouch and crawl, and can frequently climb ramps or stairs.") Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities. If someone can do light work, the Commissioner determines that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

distributing clerk, are all shipping, receiving, stock, and related clerical positions.[8] (*See* DICOT 222.387-050, DICOT 222.367-066, and DICOT 222.587-018.) The VE sufficiently identified more than one position similar to Plaintiff's prior work to which his skills would be transferable and which had an SVP level lower than his prior jobs. As such, the ALJ properly identified transferable skills and positions that Plaintiff could perform.[9]

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff.

IT IS SO ORDERED.

**Dated:   September 16, 2012**              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiff does not contend on appeal that the skills identified as transferable by the VE during the first administrative hearing are inapplicable to the jobs identified by the VE during the second administrative hearing. Accordingly, any such argument is waived. See *Greger v*, 464 F.3d at 973.

[9] Defendant's argument, however, that Plaintiff "did not raise this challenge to the vocational expert's methodology at the [administrative] hearing, and as such Plaintiff . . . should be considered to have waived the issue" lacks merit. Defendant's citations to *Papin v. Barnhart*, 221 F. App'x 540, 541 (9th Cir. 2007) in the opposition brief fails to identify the case as an unpublished memorandum decision by the Ninth Circuit; instead Defendant holds the decision out as binding authority. While *Papin* may be cited and has potentially persuasive value, it is not binding precedent. Ninth Cir. Rule 36-3(a)-(b). Further, the fact that Plaintiff's representative did not challenge the VE's methodology at the time of the hearing is not conclusive as to whether the jobs identified by the VE were proper, nor does it constitute waiver of the argument. While it was unfortunate that the claimant's representative did not question the VE's methodology at the hearing so that it could have been addressed by the ALJ, the Supreme Court has nonetheless held "that a plaintiff challenging a denial of benefits under 42 U.S.C. § 405(g) need not preserve issues in the proceedings before the Commissioner or her delegates." See *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (citing *Sims v. Apfel*, 530 U.S. 103 (2000)). The Court also notes that Plaintiff had different counsel at the time of the second administrative hearing where the VE testified. (*See* AR 22.)